**SHIVELY et, Plaintiffs, v. SMITH et, Defendants.**

Common Pleas Court, Franklin County.

No. 190463. Decided September 27, 1954.

John F. Seidel, David E. Evans, Columbus, for plaintiffs.

Richard Heer Oman, Herbert F. Peterson, Columbus, for defendants.

## OPINION

By BARTLETT, J.

1. DEMURRER TO PETITION OVERRULED.

2. MOTION TO AMEND AT BAR SUSTAINED.

Demurrer to petition contesting Will. Counsel for defendants state that petition does not attack the validity of the will, nor even aver the writing produced and probated, is the last will of testatrix.

After setting up the paper writing purporting to be the last will of Mary Shively was admitted to probate and record, the petition avers: "Plaintiffs say that said written instrument, purporting to be the last Will and Testament of Mary Shively, was not her Last Will and Testament." (Emphasis ours.) Whether counsel for defendants overlooked this averment or desire to indulge in refined reasoning as to the difference between the use of the word "was" instead of "is," does not merit much consideration. The Court is of the opinion the petition states a cause of action on demurrer thereto.

"A petition is not open to demurrer merely because the language used therein is indefinite, uncertain. or vague;" **31 O. Jur. Pleading, Sec. 130, p. 688,**

"If the pleadings in the petition state no such cause of action, the demurrer should be sustained, but if it, with every inference reasonably deductible therefrom, does constitute a cause of action, then the demurrer should be overruled;"

"* * *, the court is required to follow the code requiring pleadings to be construed favorably to the pleader, and to give to the language of the petition a liberal construction in favor of the plaintiff to sustain his pleading;" Ibid, Sec. 142, p 700.

"2. The issue to be made up and tried in such actions (the contest of a will), having been prescribed by statute, cannot be varied or restricted by averments in the pleadings, but must be the same, whether made up by the pleadings, or by an order on the journal of the court, viz: 'whether the writing produced is the last will or codicil of the testator, or not.'" **Dew et al. v. Reid, et al., 52 Oh St 519; Kilpatrick v. Humphreys, 8 N. P. 245.**

"If the petition (in action to contest will) sufficiently directs the attention of the court to the fact that the validity of the will is challenged, and that the proper parties are before it, the court is to submit that phase of the litigation to the jury, * * *."

Motion to amend petition on its face sustained in full. Plaintiffs are within their rights in so doing. **Sec. 2309.56 R. C.; Morton v. Fast, 159 Oh St 380.** The Court would suggest that the first amendment should be after the word "Testament in the third, rather than the fourth line on page four of the petition, in the interest of clarity."